UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY BURGER,<br><br>          Plaintiff,<br><br>   v.<br><br>WASTE MANAGEMENT of WASHINGTON, INC.,<br><br>          Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>DIVERSITY OF CITIZENSHIP AND FEDERAL QUESTION<br><br>**28 U.S.C. § 1331, 1332, 1441, 1446** |

TO: **PLAINTIFF TIFFANY BURGER**

AND TO: **ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Defendant Waste Management of Washington, Inc. ("WM"), by this Notice, now effects the removal of the above-entitled action from the Superior Court of the State of Washington in and for the County of Pierce to the United States District Court for the Western District of Washington at Tacoma. This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a), 1441, and is timely under 28 U.S.C. § 1446. This removal is also based upon federal question jurisdiction, in accord with 28 U.S.C. §§ 1331, 1441(a), and is timely, pursuant to 28 U.S.C. § 1446.

In support of its Notice of Removal, Defendant provides the following information:

NOTICE OF REMOVAL

- 1 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

## JURISDICTION

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

2. WM is the only named defendant, is represented by the undersigned counsel, and consents to removal. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

## PLEADINGS, PROCESS, AND VENUE

3. On August 9, 2021, Plaintiff initiated the instant matter by filing a copy of the Summons and Complaint for Damages with the Superior Court of the State of Washington in and for the County of Pierce. A true and correct copy of the Complaint for Damages ("Complaint") is attached as **Exhibit 1**. A true and correct copy of the Order Setting Civil Case Schedule is attached as **Exhibit 2**. A true and correct copy of the Case Information Cover Sheet is attached as **Exhibit 3**. A true and correct copy of the Summons is attached as **Exhibit 4**. A true and correct copy of the Motion and Declaration for Waiver of Civil Fees and Surcharges is attached as **Exhibit 5**. A true and correct copy of the Order Granting Waiver of Civil Fees and Surcharges is attached as **Exhibit 6**. A true and correct copies of the Affidavits of Service of Summons and Complaint are attached as **Exhibit 7**.

4. On August 20, 2021, Defendant appeared in this action in Pierce County Superior Court through undersigned legal counsel. A true and correct copy of Defendant's Notice of Appearance is attached as **Exhibit 8**.

5. By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings on file in the state court proceeding.

NOTICE OF REMOVAL - 2

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

6.     Venue is proper (for purposes of removal) in the Western District of Washington at Tacoma. Venue is proper in this District because this is the District Court of the United States for the District encompassing the place where this action is pending. 28 U.S.C. § 1441. Venue is proper in Tacoma because Plaintiff resides and initiated the lawsuit in Pierce County. *See* Western District of Washington Local Civil Rule 3(d)(2).

## **DIVERSITY OF CITIZENSHIP**

7.     At the time this action was commenced, WM had its headquarters and principal place of business for its operations in the state of Texas. Accordingly, for purposes of diversity of citizenship, WM was a citizen of Texas (and not a citizen of Washington) at the time this action was commenced. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located).

8.     At the time this action was commenced, and at all times relevant to the allegations set forth in the Complaint, Plaintiff Tiffany Burger was a citizen of the State of Washington. Complaint, Section II, ¶ 1.

## **AMOUNT IN CONTROVERSY**

9.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. For the reasons set forth below, Defendant avers that the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.    The Complaint is silent as to the total amount of monetary relief claimed. However, Plaintiff's failure to specify the total amount of claimed relief does not deprive the Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure by plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid

NOTICE OF REMOVAL - 3

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1  removal simply be declining . . . to place a specific dollar value upon its claim."). Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996) (holding that where plaintiff's state court complaint does not specify a particular amount of damages, defendant bears the burden of establishing by a preponderance of the evidence of the amount in controversy); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). Under this standard, the defendant must only provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *Monumental Life Ins. Co.*, 102 F.3d at 404.

11. The remedies Plaintiff seeks in her Complaint are enough to satisfy the amount in controversy. Plaintiff seeks the following relief: (1) "Damages for humiliation, personal indignity, embarrassment, fear, sadness, anger, anxiety, anguish and other forms of emotional distress in an amount to be proven at trial;" (2) "Pre-and post-judgment interest to the extent authorized by law;" (3) "All other actual damages;" (4) "Reasonable attorney's fees and cost;" and (5) "Such other relief as the Court deems just and proper." *See* Complaint at p. 7 ("Prayer for Relief"). Accordingly, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000.

## FEDERAL QUESTION

12. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this court by Defendant pursuant to provisions of 28 U.S.C. § 1441. Removal is appropriate because Plaintiff's Complaint asserts a federal claim and raises claims that are preempted by federal law.

13. Pursuant to 28 U.S.C. § 1441(b) "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regards to the citizenship or residence of the parties."

NOTICE OF REMOVAL - 4

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

14. Plaintiff's Complaint arises out of her employment with Defendant and alleges a cause of action for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq. Complaint, Section IV, ¶ 1.

15. In addition, this Complaint is a civil action in which this Court has original jurisdiction in that Plaintiff's claims for intentional and negligent infliction of emotional distress, Complaint, Section IV, ¶¶ 4-5, are preempted by the Labor Management Relations Act, 29 U.S.C. § 185 (hereinafter "LMRA").

16. At all relevant times, Defendant has been and is a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 152(2), (6)–(7), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). At all relevant times, a collective bargaining agreement (the "CBA") entered into between Defendant and Teamsters Local Union No. 117 governed the terms and conditions of Plaintiff's employment with Defendant.

17. The language of the CBA is a product of bargaining between the parties. It is within this factual context that removal based on federal question and preemption must be analyzed. Collective bargaining agreements are governed by Section 301 of the LMRA in order to promote uniform federal labor law. *Teamsters Local 117 v. Davis Wire Corp.*, 187 F.Supp.2d 1279, 1281 (W.D.Wash. 2001). The LMRA establishes federal jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization." 28 U.S.C. § 185(a). Removal under Section 301 of the LMRA is appropriate if the evaluation of the state law claims is "inextricably intertwined" with consideration of the terms of a labor contract, *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991), or if the claims "are substantially dependent on analysis of a collective bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). Although the language of Section 301 references "suits for violation of contracts," the courts have construed Section 301 to preempt state law claims requiring interpretation of the CBA. *Burnside v Kiewit Pacific Corp.*, 491 F.3d 1053, 1058-1060 (9th Cir. 2007) (comprehensive

NOTICE OF REMOVAL - 5

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

summary of removal standards under 301). Thus, Section 301 will completely preempt a plaintiff's state law claim where "adjudication of the claim 'necessarily requires the [C]ourt to interpret an existing provision of a [collective bargaining agreement] that can reasonably be said to be relevant to the resolution of the dispute.'" *Cramer v Consol. Freightways, Inc.*, 255 F3d. 683,692-93 (9th Cir. 2001) (en banc).

18. Here, Plaintiff's claims of intentional and negligent infliction of emotional distress are covered by the collective bargaining agreement between the parties and are therefore subject to LMRA preemption. *See e.g., Humble v. Boeing Co.*, 305 F.3d 1004 (9th Cir. 2002) (outrage claim is preempted where "we have no explanation from [plaintiff] as to how the alleged conduct (a failure to assign [plaintiff] work consistently with her injury) could plausibly be viewed as outrageous independently of either the parties' contractual expectations or duties established by Washington reasonable accommodation law). Therefore, Plaintiff's Complaint may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a).

**TIMELINESS**

19. Plaintiff's Complaint constitutes the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b). Plaintiff served Defendant with the Complaint on August 10, 2021. Pursuant to 28 U.S.C. § 1446(b), Defendant is therefore timely filing this Notice of Removal within thirty (30) days after receipt of the "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

20. Written notice of the filing of this Notice of Removal will be given to all parties who have appeared in this action, and a copy of the Notice of Removal will be filed with the Clerk of Court of the Superior Court of the State of Washington, in and for the County of Pierce, where Plaintiff commenced this action.

WHEREFORE, Waste Management of Washington, Inc. respectfully requests that this action now pending in the Superior Court of the State of Washington, in and for the County of

NOTICE OF REMOVAL    - 6

Pierce, be removed to the United States District Court for the Western District of Washington at Tacoma.

### **RESERVATION OF RIGHTS**

21. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to insufficient service of process, insufficient process, or lack of personal jurisdiction.

WHEREFORE, Defendant respectfully requests that this action now pending in the Pierce County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Tacoma.

In the event this Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

Dated: September 9, 2021.

*/s/ Ryan P. Hammond*
Ryan P. Hammond, WSBA #38888
rhammond@littler.com

*/s/ Birgitte Gingold*
Birgitte Gingold, WSBA #50630
bgingold@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
Phone:       206.623.3300
Fax:         206.447.6965

*Attorneys for Defendant*
WASTE MANAGEMENT of
WASHINGTON, INC.

NOTICE OF REMOVAL - 7

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on September 9, 2021, I electronically filed the foregoing document entitled *Notice of Removal* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

**Attorney for Plaintiff**

Morgan Mentzer, WSBA # 47483
LAVENDER RIGHTS PROJECT
1004 MLK Way
Tacoma, WA 98405
Phone: 206.639.7955
Email: morgan@lavenderrightsproject.org

I certify under penalty of perjury under the laws of the State of Washington that the above is true and correct. Executed on September 9, 2021, at Seattle, Washington.

*/s/ Colette Pringle-Saunders*
Colette Pringle-Saunders, Legal Assistant
CPSaunders@littler.com
**LITTLER MENDELSON, P.C.**

4845-3372-2871.1 / 046554-1451

NOTICE OF REMOVAL  - 8

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300