# EXHIBIT 1

**SUPERIOR COURT**
**PIERCE COUNTY, WASHINGTON**

| | |
|---|---|
| Tiffany Burger<br><br>           Plaintiff,<br><br>    v.<br><br>Waste Management of Washington, Inc.,<br>           Defendant. | No. 21-2-07005-3<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff Tiffany Burger, by and through her attorney of record, and complains of Waste Management of Washington, Inc., as well as associated, predecessor and successor entities, (hereinafter, "WM"):

### I. PRELIMINARY STATEMENT

In this suit, Tiffany Burger is a lesbian woman, and one of the only women Commercial Frontend Drivers at Seattle Waste Management. Ms. Burger drives a Waste Management Commercial frontload recycle truck in the Greater Seattle area picking up Commercial recycle. As a Commercial Driver, Ms. Burger often must push, pull, and lift large containers to stage the containers for pickup. From the outset, Ms. Burger was insufficiently trained by Waste Management, and throughout her employment Ms. Burger has faced sexual harassment, retaliation, and gender-based discrimination by her managers and coworkers. When Ms. Burger voiced her safety concerns with her route to her managers, her concerns were not only ignored but she has routinely faced retaliation.

## II. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff resides in Tacoma, Washington. She is a resident of Pierce County, Washington.

2. Defendant Waste Management is a company that provide residential and commercial Waste Management across Washington and in King and Pierce Counties.

3. Jurisdiction is proper in Pierce County Superior Court pursuant to RCW 2.08.010.

4. Venue is proper in Pierce County, Washington pursuant to RCW 4.12.025.

5. Plaintiff has obtained proper service of process on Defendant.

## III. FACTUAL ALLEGATIONS

1. Ms. Burger was hired in September 2014 as a residential recycle driver. She was Seattle's first female lead recycle driver, she was a member of the safety committee, and she became a certified driver trainer after four years of employment.

2. In August 2018, Ms. Burger bid on and was awarded a Commercial route.

3. After being awarded her Commercial route, Mr. Burger was pressured by management to begin her Commercial route without sufficient training.

4. In October 2018, Ms. Burger's manager sent her sexually harassing texts messages, and she faced sexual harassment while working.

5. When Ms. Burger shut down these advances, she faced retaliation including baseless critique about her job performance, being talked down to by her manager, and management avoided her texts and calls when on-the-job issues arose.

6. Ms. Burger was terrified of retaliation and embarrassed to come forward, afraid she would lose her job or face additional harassment.

7. While Waste Management terminated her harasser, in the aftermath Ms. Burger faced harassing treatment from coworkers who approached Ms. Burger and harassed her, making statements insinuating that she had her manager fired "because he told you to man up."

8. Ms. Burger was out on medical leave from August 2019 through September 2019. When she returned, drivers refused to speak with her because she had missed work. One driver blocked her phone number, and management told her that other coworkers were mad each time she didn't come in to work.

9. On October 11th, 2019, Ms. Burger was again harassed by a coworker who called her while he was intoxicated.

10. October 14th, 2019, Ms. Burger reported the incident to her manager. She was told that there was nothing they could do as the incident took place off the clock and on personal cell phones. Mr. Baker provided Ms. Burger with the number for the integrity hotline. Ms. Burger called and filed a report with them, requesting that the incident be documented but kept confidential.

11. That same day Ms. Burger requested a meeting with Eric Hall, the human resources manager, explaining the situation and requesting it be confidential. Ms. Burger provided text messages as evidence of her harassment.

12. On October 16, 2019, Mr. Hall informed her that he met with her aggressor, who admitted what he did. Ms. Burger was upset about the breach of her confidentiality, and fearful for how it would impact her already-hostile work environment. Mr. Hall defended his actions, saying that he "had to verify that what [she] said was true," even though Ms. Burger had provided him with screenshots of the texts.

13. Fearing for her safety, Ms. Burger began coming to work early so she could avoid her harasser. When her manager told her she needed to start at her usual start time, Ms. Burger

requested a meeting with Mr. Carleton Palmier to request an accommodation for an earlier start time.

14. On November 6, 2019, Ms. Burger met with Mr. Palmier who claimed he was unaware of the entire situation, would follow up with human resources, and get back to her.

15. Despite multiple follow-ups, Ms. Burger did not receive a response from Mr. Palmier. Ms. Burger reached out to her union representative.

16. On November 28th, 2019. Mr. Palmier demanded Ms. Burger to drop her accommodation. Despite her safety concerns, Ms. Burger felt pressured to return to a 3am start time with the other drivers.

17. On December 2nd, 2019, Ms. Burger sustained a workplace injury and she was scheduled to begin light duty on December 4th, 2019. When she returned to regular duty on December 14th, 2019, she found that other male drivers were starting earlier than their scheduled times, even though her prior request to do so had been denied.

18. On January 3rd, 2020, Ms. Burger was falsely accused of hitting a customer tree on her route and placed on paid suspension pending investigation.

19. One of Ms. Burger's managers informed her that he was investigating the accident and that Waste Management was trying to "get her," implying they were trying to force her to leave the company.

20. Ms. Burger was cleared of all fault in the accident.

21. Ms. Burger was again out on medical leave from December 8, 2020 to March 26, 2021. When she returned, her route was in disarray; the route was out of order, contained more stops than before she left, and broken containers she reported prior to her leave had not been fixed.

22. Prior to returning to work, Ms. Burger requested an accommodation for a driver to accompany her for safety. While Waste Management agreed to a 60-day accommodation, Ms. Burger witnessed other drivers who faced safety concerns who had been provided multi-year accommodations of an accompanying driver.

23. Throughout the rest of March and April 2021, Ms. Burger was routinely ignored when she informed her management regarding safety concerns on her route. When she called or texted her managers, she either did not receive a response or received a significantly delayed response, even when the issues included fires, vehicle issues, notices of injury, and damaged containers.

24. On April 28th, 2021, Ms. Burger was injured while working and sought medical attention. When she tried to contact her managers to inform them about what was happening, they did not respond.

25. Ms. Burger returned to work on April 30th, 2021, with documentation from a medical practitioner.

26. When Ms. Burger filed a workplace injury claim, she was informed that she would have to undergo an Independent Medical Exam and meet with a private investigator. Again, Ms. Burger faced requirements that were not presented to otherwise similarly situated male employees of Waste Management.

27. While navigating her health concerns, Ms. Burger has faced ongoing discrepancies in her compensation, first with Waste Management then with their third-party insurer.

28. On June 1, 2021, Ms. Burger was confronted by an investigator, who asked her invasive personal questions and did not inform her union representative that she would be interviewed,

further requirements that were not presented to otherwise similarly situated male employees of Waste Management.

29. Ms. Burger has repeatedly witnessed male employees facing similar health and safety circumstances who were readily provided accommodations, and they were not intensely scrutinized for those accommodations.

## IV.   CAUSES OF ACTION

The above paragraphs are herein incorporated by this reference.

1. **Discrimination:** Defendants, by and through their actions and/or omissions, discriminated against Plaintiff Ms. Burger on the basis of her sex and sexual orientation in violation of RCW 49.60 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000 *et. seq.*;

2. **Harassment:** Defendants, by and through their actions and/or omissions, harassed Plaintiff Ms. Burger because of her sex and sexual orientation in violation of RCW 49.60 and WAC 162-32-040.

3. **Retaliation:** Defendants, by and through their actions and/or omissions, retaliated against the Plaintiff because of her sex and sexual orientation in violation of RCW 49.60 and WAC 162-32-040.

4. **Intentional Infliction of Emotional Distress:** Defendants, by and through their actions and/or omissions, intentionally inflicted emotional distress upon Plaintiff Ms. Burger in violation of RCW 49.60.

5. **Negligent Infliction of Emotional Distress:** Defendants, by and through their actions and/or omissions, negligently inflicted emotional distress upon Plaintiff Ms. Burger in violation of RCW 49.60.

6. **Other Claims:** Plaintiff reserves the right to conduct discovery into alternative claims and additional defendants and to amend these charges as necessary.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. That the Plaintiff be awarded damages for humiliation, personal indignity, embarrassment, fear, sadness, anger, anxiety, anguish and other forms of emotional distress she has experienced, in an amount to be proven at trial;
2. That the Plaintiff be awarded pre- and post- judgment interest to the extent authorized by law;
3. That Plaintiff be awarded all other actual damages;
4. That Plaintiff be awarded her reasonable attorney's fees and costs; and
5. That Plaintiff be awarded such other relief as the Court deems just and proper.

DATED August 9, 2021.

Lavender Rights Project, by:

_____
Morgan Mentzer, WSBA #47483
Attorney for Plaintiff Tiffany Burger